IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Binh Nguyen,<br><br>    Plaintiff,<br><br>vs.<br><br>Eric H. Holder, Jr., et al.,<br><br>    Defendants. | No. CIV 11-295-FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to dismiss filed by the defendants on September 22, 2011. (Doc. 20)

The plaintiff in this case, Binh Nguyen, filed a petition to amend his certificate of naturalization pursuant to 8 C.F.R. § 334.16(b). The defendants move that the petition be denied and the action dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to the local Rules of Practice. LRCiv 72.2.

The motion should be granted. The regulation, 8 C.F.R. § 334.16(b), has since been repealed.

Background

Nguyen was born in Vietnam and entered the United States in May of 1991 as a refugee pursuant to 8 U.S.C. § 1157. (Doc. 4, p. 3) Nguyen became a naturalized citizen in

1  September of 1996.  (Doc. 4, p. 4) He was issued a certificate of naturalization stating his
2  name and date of birth as they appear in his application for naturalization.  *Id.*

3  In his petition, Nguyen admits that he knew at the time of his naturalization that his
4  reported name and birth date were incorrect.  (Doc. 4, p. 4)  He moves that his certificate of
5  naturalization be amended to reflect his correct date of birth, which is some four years earlier
6  than the date currently appearing on the certificate. (Doc. 4, p. 2)

7  According to Nguyen, in 1952, his parents obtained for him a false birth certificate,
8  which gave his name as Binh Nguyen and made him appear four years younger than he really
9  was. (Doc. 4, p. 4) This was done to make Nguyen eligible to enroll in school, which he was
10 not able to do previously due to the 1943-53 war. (Doc. 4, p. 4)

11 Nguyen attended school from 1955-1965. (Doc. 4, p. 4)  He joined the Army and
12 subsequently became a prisoner of war during the North Vietnamese conflict.  (Doc. 4, p. 4)

13 Nguyen eventually emigrated to the United States where he continued to represent
14 himself as Binh Nguyen, born in 1947.  (Doc. 4, p. 4)   He became a naturalized citizen in
15 September of 1996.  (Doc. 4, p. 3)  His certificate of naturalization reflects the name and
16 birth date that Nguyen knew was incorrect.  (Doc. 4, p. 4)

17 Nguyen has since obtained a corrected birth certificate.  (Doc. 4, p. 5)  His U.S.
18 passport and Arizona driver's license now bear his correct name and date of birth. (Doc. 4,
19 p. 5)

20 Nguyen attempted to amend his certificate of naturalization by filing Form N-565
21 pursuant to 8 U.S.C. § 1449.  (Doc. 4, p. 5)  His application was denied by the District
22 Director and by the Administrative Appeals Office because that form permits the correction
23 of clerical errors only.  (Doc. 4, pp. 5-6) The denial notice states that only a court of law has
24 the authority to amend a certificate of naturalization pursuant to 8 C.F.R. § 334.16.  *Id.*

25 Nguyen then filed in this court a petition to amend his certificate of naturalization
26 pursuant to 8 C.F.R. § 334.16(b). (Doc. 1)  At the court's instruction, he filed an amended
27 petition on May 18, 2011.  (Doc. 4)  The defendants move that the court deny the petition
28 and dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) and (6).  (Doc. 20)

On December 14, 2011, this court ordered the parties to file supplemental briefs addressing the recent repeal of 8 C.F.R. § 334.16(b). (Doc 28); (Doc. 29, p. 3) Nguyen filed a supplemental brief acknowledging the fact that § 334.16 was repealed and proposing a different source for the court's jurisdiction. (Doc. 30) Nguyen now argues this court has mandamus jurisdiction to order the defendants to issue a corrected certificate of naturalization pursuant to 8 U.S.C. § 1449. *Id.*

The court ordered the defendants to file a reply, which they did on March 7, 2012. (Doc. 32)

Standard of Review: 12(b)(1)

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction over the claim. When analyzing a facial challenge to the court's jurisdiction, the court accepts as true the factual allegations contained in the complaint. *Orsay v. U.S. Dept. of Justice*, 289 F.3d 1125, 1127 (9th Cir. 2002). Because federal courts are courts of limited jurisdiction, the party invoking the jurisdiction of the court has the burden of proof. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

Standard of Review: 12(b)(6)

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). To be legally sufficient, the claim must allege both a legally cognizable theory of relief and sufficient factual allegations in support of that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal

punctuation omitted).

Discussion

In his petition, Nguyen claims this court may order the defendants to issue him an amended certificate of naturalization pursuant to 8 C.F.R. § 334.16(b). The court has some doubts as to whether this regulation ever had any application to the instant case. *See In re Cheng*, 2009 WL 426125, 1 (N.D.Cal. 2009) ("Under 8 CFR § 334.16, the district court can order the amendment of a naturalization certificate *issued prior to 1990* when the alleged error is not clerical.") (emphasis added). The issue, however, is moot because the regulation has since been repealed. *See* 76 Fed. Reg. 53764-01, 53764, 53801 (Aug. 29, 2011). Nguyen's petition fails to state a legal theory upon which relief could be granted. *See* Fed.R.Civ.P. 12(b)(6). The defendants' motion to dismiss therefore must be granted, a conclusion that Nguyen implicitly concedes in his supplemental brief, which proposes an entirely different legal theory for relief.

RECOMMENDATION:

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

GRANTING the defendants' motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6). (Doc. 20)

Nguyen's proposed alternate legal theory will not be considered at this time, but he should be given the opportunity to file an amended petition if he so desires. *See Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1991).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the parties or their counsel.

1   DATED this 18th day of April, 2012.

_____
Glenda E. Edmonds
United States Magistrate Judge